Judge BticKNEft
delivered the opinion of the Court.
Thomas Gatewood instituted an .action of covenant, in the Fayette circuit court, against Lewis Gatewood, as executor of the last will and *118 testament of Larkin Gatewood, deceased, upon a covenant, executed by said Larkin to Thomas, dated the fifth day of November, 1822, for the payment of hundred dollars, in notes, on the bank of the commonwealth of Kentucky, one day after the date of the the covenant.
On the declaration, an endorsement was made* signed by the attorney of the plaintiff, in the following words: “The plaintiff will receive notes of the bank of the common wealth of Kentucky, or its branches, in satisfaction of the within.”
The defendant having failed to appear, and plead to the action, a writ of inquiry was awarded against him.
Upon the execution of it on the 10th of July, 1828, damages were assessed by the jury, to the amount of sixteen hundred and eight dollars. The court rendered final judgment upon the verdict, in favor of the plaintiff, for the sum aforesaid, and costs, in notes of the bank of the commonwealth of Kentucky, or its branches.
To reverse that judgment, the executor has pros*, ecuted this writ of error, with supersedeas.
On the trial of the cause, the defendant, by his counsel, moved the court to instruet the jury, that they should not allow interest to the plaintiff, it being a commonwealth’s paper contract. The court overruled the motion, but instructed the jury, that it was in their discretion to allow interest,' to which the-the defendant excepted.
The errors assigned, are as follows:
1st. “The plaintiff having endorsed, that he would receive paper of the bank of the commonwealth, the, judgment should have been rendered, specifically, for the sum, expressed in the note, and no more; and it was erroneous to enter judgment for the interest., or for any sum, exceeding the amount expressed- in- the note.
2d. “The court erred in refusing the instruction asked for, by the defendant; and in giving the instruc-tion appearing in the record.
Act of ’2d, authorizing judgments, to be entered in bank paper, has no retrospective operation. But if pptff. in prosecution of bis suit, and def’t in his defence consent to its retrospective operation, neither of them can, afterwards complain, of such retrospective interpretation.
3d. “The judgment does not conform to the act of assembly, in such cases, made and provided, and is 'illegal and erroneous.”
The act of the legislature, approved, January 5th, 1824, entitled, “an act to regulate endorsements on executions,” declares, that after the passage of that act, in any suit depending upon any contract, for the payment of notes of the bank of Kentucky, or of the commonwealth, or for the payment of the current paper of the state, such debt shall not be scaled by the court, or justice of the peace, before whom such suit shall be determined; but judgment shall be given for the full amount of such debt, to be discharged by the paper of the bank of the Commonwealth, or bank of Kentucky; provided, the plaintiff^ or his attorney, at the calling or hearing of such suitj makes a written statement on the, declaration or warrant, in substance, that he or she, is willing to take notes on the bank of the Commonwealth of Kentucky, in discharge of such debt.
According to the literal import of this act, the covenant sued upon in this case, is Embraced.
We are aware; that in the case of Feemster vs. Ringo, V. Monroe’s Reports, 337, this court declared, that it would be in violation of existing rights, to give to that act, a retrospective operation. We do not intend to assail the correctness of the decision. A party injured by such interpretation, would have a clear right, upon constitutional ground, to complain, and would be entitled to relief. But we can perceive no injustice or impropriety, in considering such a contract as embraced bythe provisions of the act, where both plaintiff, in the prosecution of his suit, and the defendant in his defence, consent to such interpretation. Neitherof them, under such circumstances, would have any reason to complain, that the contract had been impaired, or his rights invaded. That the suit in this case, was prosecuted by the plaintiff under a conviction, that the act referred to, was applicable, and with a willingness, that it should be so construed by the court, we think is apparent, from the whole procedure, and particularly, from the *120 endorsement on the declaration. That the defendant in the court below, with the court and jury, also labored, under the same impression, is equally apparent.
Bond, for common’ths. bank paper, does not bear interest, if prosecuted under act of ’24, and court should so instruct jury, if required. In all other oases of suit, on contract for commonwealth’s bank paper, criterion of damages, is value of paper when due, and interest, if jury choose to allow it.
Upon a covenant, to pay twelve hundred dollars, in commonwealth’s paper, which, at the time of the rendition ofthe judgment,had been due for five years, eight months and three days, a verdict was returned, for sixteen hundred and eight dollars, and a judgment entered for that sum, and costs, in notes of the bank of the commonwealth. Should this court determine, that the court below,erred in permitting the suit to be conducted under the act referred to, the consequence would be, that the judgment below, would be reversed, with directions, that it should be entered for the sum assessed by the jury, and costs, in money; for considering the case in any other view, than the one here taken, wc can perceive no objection to the instruction given to the jury.. That such a result would be unjust and oppressive, can be obviated by the supposition only, that at the time the covenant became due, the paper of the bank of the commonwealth, was equal in value to specie, a conclusion, which, (although we cannot judicially notice the precise value of such paper, at any particular period) is known to be unfounded.
Considering the suit as prosecuted under the act of 1824, the instruction asked for, should, according to the decision of this court, in other cases, have been given. Disregarding the provisions of that act, the instruction, as given, was calculated to mislead the jury. The court considered the act of 1824, as applicable; for judgment was rendered for commonwealth’s paper.
The defendant having moved for an instruction to the jury, not to allow interest, it being a commonwealth's paper contract, the court ought either to have given the instruction, or to have informed the jury, that the value of the paper, when due, with interest, if they thought proper to allow it, was the criterion of damages.
Combs, for plaintiff; Monroe, and Denny, for defend-Ont,
Wherefore, the judgment of the circuit Court is reversed, the verdict set aside, and the cause remanded, for proceedings consistent with this opinion.